**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

EMILY SWITZ, on behalf of herself and all
others similarly situated,

                  Plaintiff,

        *vs.*                           Case No. 1:18-cv-01677

SUNRISE CREDIT SERVICES, INC., a
New York Corporation; and JOHN
AND JANE DOES,

                  Defendants.

**CLASS ACTION COMPLAINT
FOR VIOLATIONS OF THE
FAIR DEBT COLLECTION PRACTICES ACT**

This action is brought by Plaintiff, EMILY SWITZ, on behalf of herself and all others similarly situated, against Defendants, SUNRISE CREDIT SERVICES, INC., a New York Corporation ("SUNRISE"); and JOHN AND JANES DOES, based on the following:

### I.    PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and on behalf of all others similarly situated for the illegal practices of Defendant when attempting to collect an alleged debt from them in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies,

marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. Although the FDCPA is not a strict-liability statute, "most infractions result in liability" without proof of *scienter* unless the specific infractions includes an element of intent or purpose, or the debt collector can affirmatively prove a *bona fide* error under 15 U.S.C.

Page **2** of **10**
Case 1:18-cv-01677-WCG   Filed 10/22/18   Page 2 of 10   Document 1

§ 1692k(c). *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 502 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 1283 (2018).

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less.

12. Plaintiff seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, such actual damages as may be allowable on a class basis or on an individual basis (only if a class is not certified under Fed. R. Civ. P. 23), statutory damages, attorney fees and costs.

## II. PARTIES

13. SWITZ is a natural person.

14. At all times relevant to this lawsuit, SWITZ was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

15. SUNRISE is a for-profit corporation formed under the laws of the State of New York.

16. On information and belief, SUNRISE maintains its principal place of business at 260 Airport Plaza Boulevard, Farmingdale, New York.

17. Defendants, JOHN AND JANE DOES, are sued using fictitious names as their true names and capacities are presently unknown to Plaintiff. This Complaint will be amended by inserting the true names and capacities of these defendants once they are ascertained.

### III. JURISDICTION & VENUE

18. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

19. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district, and because Defendants are subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS

20. SUNRISE regularly engages in the collection of defaulted consumer debts.

21. SUNRISE regularly collects or attempts to collect debts alleged to be owed others.

22. SUNRISE is a business the principal purpose of which is the collection of defaulted consumer debts.

23. In attempting to collect debts, SUNRISE uses the mails, telephone, the internet, and other instruments of interstate commerce.

Page **4** of **10**
Case 1:18-cv-01677-WCG   Filed 10/22/18   Page 4 of 10   Document 1

24. On information and belief, JOHN AND JANE DOES are natural persons or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the unlawful policies and procedures that are the subject of this Complaint. In addition, those Defendants personally control, and are engaged in, the unlawful acts, policies, and practices used by SUNRISE and, therefore, are personally liable for all the wrongdoing alleged herein.

25. SUNRISE mailed or caused to be mailed a letter dated November 30, 2017 (the "Letter") to SWITZ.

26. A true and correct copy of the Letter is attached as *Exhibit A*, except that the undersigned counsel has partially redacted the Letter.

27. The Letter alleged SWITZ had incurred and defaulted on a financial obligation (the "Debt").

28. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

29. On information and belief, sometime prior to November 30, 2017, the creditor of the Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to SUNRISE for collection.

30. The Letter stated in relevant part:

> Our client has asked us to collect this debt. We have tried repeatedly to do so but with no success. Our client has now asked us to report this debt to your personal credit report with a national credit bureau.
>
> We will be reporting the account balance to one or more of the national credit bureaus on or about . [sic] This process can be stopped if you act promptly.

31. The letter implies that, as of the date of the Letter, SUNRISE had not begun to report the Debt to a credit reporting agency.

32. SUNRISE began reporting the Debt to a credit reporting agency, Experian, nine months prior to the date of the Letter, in February 2017.

## V. POLICIES AND PRACTICES COMPLAINED OF

33. The Letter falsely implied that Sunrise had not reported the Debt to a credit reporting agency as of the date of the Letter.

34. That false implication arises from the totality of the Letter, including but not limited to the statements that (a) the client has "*now*" asked Sunrise to begin credit reporting, and (b) SUNRISE will be credit reporting "on or about" a date which is left blank, and (c) SWITZ can forestall the credit reporting by acting "promptly".

35. The Letter is materially false, deceptive, and misleading because it influences the unsophisticated consumer to pay the debt promptly, and before paying other debts, because a delayed payment would result in Sunrise reporting the debt to a credit reporting agency.

36. A rational person with limited financial resources would choose to pay the Letter's debt, over a debt from a different collection agency which did not falsely imply that credit reporting would begin imminently, in order to forestall SUNRISE from reporting the debt.

37. SUNRISE'S use of a form letter like the Letter—which conveys the false impression that SUNRISE had not begun credit reporting but intended to do imminently—competitively disadvantages debt collectors who collect debts without obscuring the fact they are static.

38. The Letter deprived SWITZ OF of truthful, non-misleading, information in connection with SUNRISE's attempt to collect a debt.

39. The Letter violated §1692e, § 1692e(10), and § 1692f of the FDCPA.

40. On information and belief, the Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

41. Consequently, on information and belief, CLIENT SERVICES caused the same form collection letter to be mailed to others who, like VANDEHEY, reside in Wisconsin.

## VI. CLASS ALLEGATIONS

42. SUNRISE's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by SWITZ individually and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

43. Plaintiff seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

44. *Class Definition.* The Class consists of: All natural persons with an address in Wisconsin to whom SUNRISE mailed a written communication in the form of *Exhibit A*, which was not returned as undeliverable, during the Class Period which begins on October 22, 2017 and ends on November 12, 2018.

45. The identities of the Class members are readily ascertainable from the business records of SUNRISE and those entities on whose behalf SUNRISE attempted to collect debts.

46. *Class Claims.* The Class claims include all claims each Class member may have for a violation of the FDCPA arising from SUNRISE having mailed a written communication in the form of *Exhibit A* to such Class member.

47. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

48. *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

49. *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by SUNRISE with respect to each Class member.

50. *Typicality.* The claims of the SWITZ are typical of the interest of the Class members because those claims arise from a common course of conduct by SUNRISE.

51. *Adequacy.* SWITZ will fairly and adequately protect the interests of the Class members insofar as she has no interests which are adverse to Class members' interests. Moreover, SWITZ is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither SWITZ nor her counsel have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

52. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

53. Based on discovery and further investigation (including, but not limited to, disclosure by SUNRISE of class size and net worth), SWITZ may, in addition to moving for

class certification using modified definitions of the Class and/or Class claims, and the Class period, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

## VII. CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

54. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

55. SUNRISE is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

56. JOHN DOES are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

57. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

58. SWITZ is a "consumer" as defined by 15 U.S.C. § 1692a(3).

59. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

60. The use and mailing of *Exhibit A* by SUNRISE in an attempt to collect the Debt violated the FDCPA in one or more following ways:

    (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

    (b) Using unfair or unconscionable means in violation of 15 U.S.C. § 1692f;

## VIII. PRAYER FOR RELIEF

61. WHEREFORE, SWITZ demands judgment against Defendants, jointly and severally, as follows:

    (a) An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and

Page 9 of 10
Case 1:18-cv-01677-WCG   Filed 10/22/18   Page 9 of 10   Document 1

appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

(b) An award of statutory damages for SWITZ and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

(c) An award to SWITZ for services on behalf of the Class as determined in the discretion of the Court;

(d) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(e) For such other and firther relied as may be just and proper.

## IX. JURY DEMAND

62. Trial by jury is demanded on all issues so triable.

Dated: October 22, 2018

*s/Francis R. Greene*
*Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
*Attorneys for Plaintiff, Emily Switz*
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com